J-S27039-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                            :               PENNSYLVANIA
                                            :
              v.                                :
                                            :
                                            :
NORMAN WILLIAMS, JR.                 :
                                              :
              Appellant                   :     No. 1749 MDA 2022

Appeal from the PCRA Order Entered November 16, 2022
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0001173-2004

BEFORE:  BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:         **FILED: NOVEMBER 28, 2023**

Norman Williams, Jr. ("Williams") appeals from the order denying his serial petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In 2005, a jury found Williams guilty of second-degree murder and criminal conspiracy.  The trial court sentenced Williams to a term of life imprisonment without the possibility of parole for second-degree murder and a concurrent term of twelve to twenty-four years in prison for conspiracy.  This Court affirmed the judgment of sentence, and our Supreme Court denied allowance of appeal on September 26, 2006.  ***See Commonwealth v. Williams***, 898 A.2d 1136 (Pa. Super. 2006) (unpublished memorandum),

---

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

*appeal denied*, 907 A.2d 1102 (Pa. 2006).  Williams did not seek further review in the United States Supreme Court.

Williams filed a *pro se* PCRA petition in January 2007.  In connection with that filing, the following events took place:

> The PCRA court appointed counsel, who filed an amended PCRA petition on April 3, 2007.  Appointed counsel filed a motion to withdraw on July 23, 2007.  The PCRA court granted counsel's motion and issued notice of its intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907.  On August 24, 2007, the PCRA court dismissed [Williams's] petition[,] and [he] filed a notice of appeal on September 27, 2007.  On July 17, 2009, this Court remanded the matter to determine whether [Williams] had filed a timely notice of appeal from the denial of PCRA relief.  **See Commonwealth v. Williams**, . . . 979 A.2d 838 (Pa. Super. 2009) (unpublished memorandum).  On September 2, 2009, the PCRA court concluded that [Williams] had filed a timely appeal from the dismissal of his PCRA petition.  Nevertheless, on November 9, 2009, this Court vacated the July 26, 2007 order and remanded the matter, determining that counsel failed to satisfy the technical prerequisites of [**Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*)], and thus the PCRA court erred by granting counsel's request to withdraw.  **See Commonwealth v. Williams**, 988 A.2d 732 (Pa. Super. 2009) (unpublished memorandum).
>
> Upon remand, [Williams] filed a *pro se* motion for leave to amend his original PCRA petition.  On December 9, 2010, the PCRA court appointed new counsel and granted [Williams] leave to amend his PCRA petition.  [Williams] filed a counseled, supplemental PCRA petition on July 7, 2011.

**Commonwealth v. Williams**, 178 A.3d 139 (Pa. Super. 2017) (unpublished memorandum), *appeal denied*, 183 A.3d 351 (Pa. 2018).  Following a further protracted procedural history in which multiple replacement PCRA counsel

were appointed, this Court affirmed the denial of Williams's first PCRA petition, and our Supreme Court denied allowance of appeal. ***Id***.

In January 2019, Williams filed a second *pro se* PCRA petition in which he asserted governmental interference by the PCRA court as an exception to the PCRA's one-year time bar, as well as governmental interference by certain PCRA counsel in failing to raise the issue of the PCRA court's interference. The PCRA court denied the petition as untimely. This Court affirmed the denial of Williams's second PCRA petition, and our Supreme Court denied allowance of appeal. ***See Commonwealth v. Williams***, 237 A.3d 1064 (Pa. Super. 2020) (unpublished memorandum), *appeal denied*, 242 A.3d 1246 (Pa. 2020).

On October 17, 2022, Williams filed the instant *pro se* PCRA petition, his third. On November 16, 2022, the PCRA court entered an order dismissing the petition. In so doing, the PCRA court determined that Williams's petition was untimely and that he failed to plead a valid exception to the one-year time bar for filing a PCRA petition. Williams filed a timely notice of appeal, and both he and the PCRA court complied with Pa.R.A.P. 1925.[2]

Williams raises the following issues for our review:

1. WHETHER THE PCRA COURT ERRED IN DISMISSING [WILLIAMS'S] SUBSEQUENT PCRA PETITION ON GROUNDS THAT IT WAS UNTIMELY FILED?

---

[2] In *lieu* of authoring an opinion pursuant to Rule 1925(a), the PCRA court directed this Court to its November 16, 2022 order as the place in the record where the reasons for its denial of PCRA relief may be found. ***See*** Pa.R.A.P. 1925(a)(1).

2. WHETHER THE DECISION IN **COMMONWEALTH V. BRADLEY**, 261 A.3d 381 ([Pa.] 2021)[,] HAS ALL THE CHARACTERISTICS OF OF [*sic*] A NEW SUBSTANTIVE RULE OF LAW, AND IN THE INTEREST OF JUSTICE, SHOULD IT BE INTERPRETED AS SUCH?

3. WHETHER BEFORE THE DECISION IN . . . **BRADLEY** . . . CORRECTED THE FLAWS IN PCRA PROCEDURE GOVERNING INEFFECTIVE ASSISTANCE OF PCRA COUNSEL CLAIMS, WAS/IS THERE ANY OTHER MEANS FOR [WILLIAMS] TO PRESENT HIS CLAIM OF INEFFECTIVE ASSISTANCE OF PCRA COUNSEL?

Williams's Brief at unnumbered 3 (capitalization in original).

Our standard of review of an order dismissing a PCRA petition is well-settled:

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

**Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any petition including a second or subsequent petition must be filed within one year of the date on which the judgment of sentence becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, including discretionary review

- 4 -

in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. **See** 42 Pa.C.S.A. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **See Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

In the instant matter, Williams's judgment of sentence became final on December 26, 2006,[3] ninety days after the Pennsylvania Supreme Court denied his petition for allowance of appeal and he declined to petition the United States Supreme Court for a writ of *certiorari*. **See** U.S.Sup.Ct.R. 13 (stating that an appellant must file petition for writ of *certiorari* with the United States Supreme Court within ninety days after entry of judgment by a state court of last resort). Thus, Williams had until December 26, 2007, to file a timely PCRA petition. The instant petition, filed on October 17, 2022, was filed nearly fifteen years after the judgment of sentence became final. Therefore, the instant petition is facially untimely under the PCRA. **See** 42 Pa.C.S.A. § 9545(b)(3).

---

[3] The ninetieth day fell on December 25, 2006; however, as that day was a court holiday, Williams had until the next business day, December 26, 2006, to file a petition for allowance of appeal. **See** 1 Pa.C.S.A. § 1908.

- 5 -

Pennsylvania courts may consider an untimely PCRA petition if the petitioner can plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1), which provides:

**(b) Time for filing petition**.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). Any PCRA petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." *Id*. § 9545(b)(2). If the petition is untimely and the petitioner has not pleaded and proven a timeliness exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition. *See Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013).

In his petition, Williams presented two issues for the PCRA court to determine:

(A)  Whether the recent Supreme Court of Pennsylvania decision in . . . **Bradley** . . . establishes a new substantive rule of constitutional law, which would make [Willams's] otherwise untimely PCRA petition invoke an exception to the PCRA timebar under section 9545(b)(1)(iii)?

(B)  Whether appointed PCRA counsel Jennifer Tobias, Esq. rendered ineffective counsel, pursuant to the Supreme Court of Pennsylvania holding in . . . **Bradley** . . . and **Strickland v. Washington**, 104 S. Ct. 2052 (1984), by failing to seek leave from the PCRA court and petition the Supreme Court of Pennsylvania to allow her to amend [Williams's ] first PCRA petition?

**See** *Pro Se* PCRA Petition, 10/18/22, at unnumbered 6 (unnecessary capitalization omitted).  In support of his claim, Williams averred that:

On April 03, 2007, appointed PCRA counsel, at the time, amended [Williams's] January 10, 2007 *pro se* PCRA petition without raising a single additional issue of merit than what [Williams] had previously raised himself.  She done [*sic*] so with the aid of [Williams's] notes of testimony, which he did not have to draw from, she then erroneously withdrew and abandoned him.

*Id*. (unnecessary capitalization omitted).  Williams expressly acknowledged that his petition was untimely; however, he attempted to invoke the timeliness exception provided by section 9545(b)(1)(iii), which can potentially apply when a newly recognized constitutional right has been held to apply retroactively. **Id**.  Although Williams's arguments in the petition were sparse, they suggest that he requested the PCRA court to determine that **Bradley** should apply retroactively to permit the PCRA court to entertain his untimely claim that Attorney Tobias was ineffective in amending Williams's first *pro se*

PCRA petition, and that she erroneously withdrew from representation and abandoned him.

In his brief to this Court, Williams concedes that **Bradley** "does not apply retroactively nor does it qualify as a new substantive rule of law." Williams's Brief at unnumbered 7 (unnecessary capitalization omitted). He nevertheless argues that "there is a clear question of law that, unanswered, is depriving many U.S. citizens of their constitutional right to effect assistance of counsel for their 1st PCRA petitions." **Id**. (unnecessary capitalization omitted).

Initially, we note that Williams's arguments fail to address the elements of the newly recognized constitutional right timeliness exception set forth at section 9545(b)(1)(iii), and we may affirm on that basis alone. **See Albrecht**, 994 A.2d at 1094 (noting that the appellant bears the burden of establishing that a PCRA timeliness exception applies).

In any event, Williams's reliance on **Bradley** as a timeliness exception is misplaced. As Williams concedes, the **Bradley** Court did not recognize a new constitutional right, let alone one that was deemed to apply retroactively. Rather, **Bradley** addressed the procedures for considering claims of ineffective assistance of PCRA counsel on appeal in the same PCRA proceeding, not a subsequent PCRA petition. **See Bradley**, 261 A.3d at 403-04 (stating that the Court's decision did not sanction "extra-statutory serial petitions").

Thus, as the **Bradley** Court did not recognize a new constitutional right or hold that its decision would apply retroactively in the manner Williams asserts it should, we agree with the PCRA court that **Bradley** does not constitute a timeliness exception under section 9545(b)(1)(iii) and that it lacked jurisdiction to consider Williams's third PCRA petition. **See Albrecht**, 994 A.2d at 1093.[4] Accordingly, we affirm the order dismissing the petition.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/28/2023

_____

[4] Notably, even if Williams had satisfied a timeliness exception, no relief would have been due. Williams confined his present ineffectiveness claim to his initial PCRA counsel, who filed an amended PCRA petition on January 10, 2007, and was later permitted to withdraw by order of the PCRA court. As explained above, this Court determined in a prior appeal that the PCRA court improperly permitted initial PCRA counsel to withdraw, and upon remand, the PCRA court appointed new PCRA counsel, granted Williams leave to amend his PCRA petition, and Williams thereafter filed a counseled, supplemental PCRA petition on July 7, 2011. **See Williams**, 178 A.3d 139 (unpublished memorandum at *3). Therefore, even if initial PCRA counsel had been ineffective in amending Williams's _pro se_ petition, Williams suffered no prejudice because the PCRA court appointed replacement PCRA counsel who filed a supplemental petition on Williams's behalf.